**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KARL K. KAUTZ; KAREN J. KAUTZ,
<u>Plaintiffs-Appellants,</u>

v.

No. 97-1366

QUALITY AWNING & CONSTRUCTION
COMPANY, dba "Ruppert
Brothers/Inrecon",
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-96-1793)

Argued: May 5, 1998

Decided: October 10, 2000

Before WIDENER and WILKINS, Circuit Judges, and
James H. MICHAEL, Jr., Senior United States District Judge
for the Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Daniel Lewis Hawes, HAWES & ASSOCIATES, Fair-
fax, Virginia, for Appellants. Stuart Lee Plotnick, LAW OFFICES OF
STUART L. PLOTNICK, Silver Springs, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Karl and Karen Kautz's house caught fire and suffered significant damage, and that same day, the agents of Quality Awning and Construction came to plaintiffs and proposed to repair the house, resulting in a Work Authorization agreement being signed by the plaintiffs and the defendant. All of these actions on the part of the defendant are alleged to violate the Virginia Consumer Protection Act, Virginia Code §§ 59.1-196 and 59.1-200.19, and, as well, the plaintiffs claim conversion on the part of the defendant, which the district court appropriately considered to be a breach of the Work Authorization agreement.

The Work Authorization agreement contained the following language:

> Any controversy or claim arising out of or relating to this agreement, or breach thereof, which may be properly submitted to arbitration, shall be settled by arbitration . . .

A controversy arose over the performance of the repair work.

Because of the alleged violation by the defendant of the Virginia Consumer Protection Act, which, for our purposes we assume to be true, the plaintiffs took the position that they have lawfully cancelled the contract under the provisions of the Virginia statutes, and therefore there was no agreement to arbitrate.

The district court dismissed the complaint without prejudice on the ground that the plaintiffs had entered into a valid agreement to arbitrate the dispute, which arose out of or was related to the Work Authorization agreement, and so could not proceed with this law suit

2

in lieu of arbitration. There has been no request for arbitration by either the plaintiffs or the defendant in this case.

We are of opinion the district court was correct, for we see no meaningful distinction between this case and <u>Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1 (1983) (affirming <u>Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp</u>., 656 F.2d 933 (4th Cir. 1981) (en banc)).

The judgment of the district court is accordingly

<u>AFFIRMED</u>.*

_____
*The motion of Quality Awning to strike a memorandum of the Kautzes, filed January 28, 1998, is denied.

3